THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEFORGE MARITIME TOWING, LLC,<br><br>  Plaintiff,<br>  v.<br><br>HAMILTON CONSTRUCTION, LLC,<br><br>  Defendant. | CASE NO. C23-0827-JCC<br><br>BENCH TRIAL—PRELIMINARY ORDER |

This matter comes before the Court after the June 9–11 bench trial involving DeForge Maritime Towing, LLC's ("DeForge") complaint against Hamilton Construction, LLC for breach of contract (Dkt. No. 1).[1] Having thoroughly considered the evidence and argument submitted at trial, the Court makes the following findings *on a preliminary basis*.

DeForge has proven by a preponderance of the evidence that Hamilton breached the parties' Charter Agreement ("Charter") when (a) the THELMA 302 ("Thelma") grounded or touched bottom; (b) Hamilton did not return the Thelma in the same good order and condition, ordinary wear and tear excepted, as when delivered and accepted; and (c) Hamilton did not pay a

---

[1] This case was consolidated with *DeForge Maritime Towing, LLC, v. Jeff Hamilton, et al.*, C24-0369-JCC. (*See* Dkt. No. 20 at 2–3.) Only Mr. Hamilton remains from that action. (*See* Dkt. No. 39 at 1.) A settlement between Travelers Casualty Insurance Company and DeForge (solely in that matter) specified that it did not affect this action. Therefore, as a preliminary matter, the Court FINDS that Hamilton is not due any set-off from the settlement.

portion of the charter hire due.

Specifically, on DeForge's <u>First</u> Claim for Relief, the Court FINDS the Thelma grounded or touched bottom on October 6, 2022, while on charter to Hamilton. This resulted from Hamilton's negligent operation of a tugboat, when its tow line became tangled in its propeller. The tugboat then maneuvered aggressively but in vain to prevent the barge from grounding. This caused physical damage beyond ordinary wear and tear to the Thelma's port and starboard sides (although not its bottom). Under the Charter, Hamilton was obliged to repair these damages to restore the Thelma to its prior condition. It has not done so. This is a breach of the Charter. Thus, DeForge shall be awarded the reasonable cost of repair, as proven at trial: $170,546.11,[2] along with reasonable attorney fees in an amount to be proven through subsequent briefing.

On DeForge's <u>Second</u> Claim for Relief, the Court FINDS that Hamilton has not paid charter hire since December 22, 2022. But on December 16, 2022, DeForge and Hamilton entered a separate agreement via text messages allowing Hamilton to return the Thelma to Bellingham, Washington, complete the off-hire survey, and then allow DeForge to rent moorage from Hamilton. This agreement superseded the Charter, at least as to the conditions terminating the Charter. Because the off-hire survey was completed in Bellingham on February 9, 2023, the original Charter terminated then, and DeForge is due unpaid charter hire through that date at $3,100 per day, for a total of $151,900.

On DeForge's <u>Third</u> Claim for Relief, the Court FINDS that DeForge is not due retaking expenses for transporting the Thelma from Bellingham to Tacoma, Washington, because

---

[2] After its charter to Hamilton, DeForge was able to continue to charter and use the Thelma without immediate repairs. Accordingly, DeForge is only due the cost it would incur for steel and paint repairs at its next regularly scheduled drydocking—not those costs associated with subsequent charter hire, retaking from Hamilton, or immediate drydocking. Specifically, the costs awarded are as follows: $26,348.50 for steel and paint, $125,233.00 for labor and fuel, $5,714.13 for hull insurance and surveys, and $13,250.48 for estimated contingencies. This represents the cost of restoring the Thelma to its condition prior to Hamilton's charter and limits any windfall to DeForge.

BENCH TRIAL—PRELIMINARY ORDER
C23-0827-JCC
PAGE - 2

1  DeForge agreed that Hamilton was allowed to return the barge to Bellingham, as explained
2  above.
3      The parties shall submit joint proposed findings of fact and conclusions of law in accord
4  with this Preliminary Order within fourteen (14) days. With this, the Court will enter a final
5  order containing detailed findings of fact and conclusions of law.
6
7      DATED this 18th day of June 2024.
8
9
10                                   _____
11                                   John C. Coughenour
                                     UNITED STATES DISTRICT JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26